2
ISSUED TO ATTORNEY

JWO:jab
02-13-08

FILED
2008 FEB 14 PM 4:12
CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF OHIO
TOLEDO

**IN THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Patti L. Davis<br>7535 Woodord, Box 273<br>Hamilton, IN 46742 | : | Case No. 3:08CV00376 |
| | : | JUDGE JAMES G. CARR |
| and | : | |
| Jerry L. Davis<br>7535 Woodord, Box 273<br>Hamilton, IN 46742 | : | |
| | : | |
| Plaintiffs | : | |
| -vs- | : | **COMPLAINT AND JURY DEMAND** |
| Davol, Inc.<br>100 Sockanosset Crossroads<br>P. O. Box 8500<br>Cranston, Rhode Island 02920 | : | |
| | : | |
| C. R. Bard, Inc.<br>730 Central Avenue<br>Murray Hill, NJ 07974 | : | |
| | : | |
| John Doe, Corporations<br>(names and addresses unknown despite due diligence) | : | |
| Defendants | | |

**FIRST CLAIM**

1. Plaintiffs are and at all times relevant hereto were residents of Hamilton, Indiana.

2. Plaintiff, Patti L. Davis, is an individual citizen and resident of the State of Indiana. During the relevant time period, Plaintiff, Patti L. Davis, had hernia repair surgery in Lucas County, Ohio, which included the implantation of a Composix Kugel Mesh Patch into her body, and underwent subsequent surgery on February 26, 2007, to remove the broken ring; this subsequent operation identified the mesh as a Kugel Mesh.

3. Defendant Davol, Inc. (hereinafter "Davol") is and was a wholly owned subsidiary of Bard, with its principal place of business at 100 Sockanosset Crossroads, P.O. Box 8500, Cranston, Rhode Island, 02920. At all times relevant, Davol was a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business for manufacturing hernia surgical repair products in Cranston, Rhode Island. Davol designed, manufactured, tested, analyzed, distributed, recommended, merchandised, advertised, promoted, supplied and sold to distributors, physicians, hospitals and medical practitioners, certain hernia surgical repair products to be surgically implanted in patients throughout the United States, including the State of Ohio.

4. Defendant C. R. Bard, Inc. (hereinafter "Bard") is a New Jersey corporation with its principal office and place of business at 730 Central Avenue, Murray Hill, New Jersey, 07974, and at all times relevant designed, manufactured, tested, analyzed, distributed, recommended, merchandised, advertised, promoted, supplied and sold to distributors, physicians, hospitals and medical practitioners, certain hernia surgical repair products to be surgically implanted in patients throughout the United States, including the State of Ohio.

5. The names and addresses of the John Doe Defendants named as parties defendant are unknown to Plaintiffs despite due diligence to discover the same.

6. This is a civil action over which this Court has original jurisdiction under the provision of 28 U.S.C. §1332, involving allegations of permanent injuries, future pain and suffering, future medical expenses, lost wages and impaired earning capacity. The amount in controversy appears to be potentially in excess of Seventy-five Thousand and no/100 Dollars ($75,000.00), and complete diversity of citizenship exists between the parties to this action.

7. This action involves the Composix Kugel Mesh Patch manufactured by Defendants between 2001 and March 2006. These Composix Kugel Mesh Patches were sold by Defendants for implantation in patients in the course of hernia repair surgery.

8. A hernia occurs when the stomach muscles are too weak to contain the intestines, and as a result, a rupture occurs in the muscle wall which allows the intestines to protrude. The Composix Kugel Mesh Patch was designed to treat ventral hernias caused by the thinning or stretching of scar tissue that forms after surgery.

9. The Kugel Mesh line of products was first manufactured by Surgical Sense, Inc., starting in or around 1996. In January of 2000, Bard acquired the Kugel line of hernia repair products from Surgical Sense, Inc. Shortly thereafter, in 2001, Bard introduced the Composix Kugel Mesh Patch through its subsidiary, Davol.

10. The Composix Kugel Mesh Patch, invented by Dr. Robert D. Kugel, is a polypropylene mesh prosthetic device developed to repair ventral hernias, or hernias of the abdominal region. The Composix Kugel Mesh Patch is inserted behind the hernia defect in the

abdomen through a small incision. In order to fit through the small incision the mesh is folded in half. Once inside the abdomen the mesh re-deploys as a result of a hard "memory recoil ring" (or "PET coil ring") that surrounds the mesh.

11. Due to defects in the design and manufacturing of the Composix Kugel Mesh Patch, the "memory recoil ring" that opens the patch can break under the stress of placement of the product in the infra-abdominal space. Once the memory recoil ring has broken, it can later come loose and cause serious injuries as it travels through the body. These injuries include: intestinal perforations; ring migration through the abdominal wall; abscesses; bowel obstruction and sepsis; and chronic intestinal fistulae (abnormal connections or passageways between the intestines and other organs).

12. The Composix Kugel Mesh Patches present and constitute an unreasonable risk of danger and injury in the following respects:

a. the memory recoil ring of the Composix Kugel Mesh Patch is likely to malfunction after being implanted;

b. the Composix Kugel Mesh Patch was not properly manufactured;

c. the Composix Kugel Mesh Patch was defectively designed;

d. the Composix Kugel Mesh Patch did not perform as safely as an ordinary consumer/patient would expect;

e. the Composix Kugel Mesh Patch was inadequate or insufficient to maintain its integrity during normal use after implantation in the consinneripatient; and

f. such further and additional defects as discovery and the evidence reveal.

13. As a result of this dangerous and defective condition, and the numerous serious injuries that have resulted, the FDA issued Class I recalls of the X-Large Oval, Large Oval and Large Circle varieties of the Composix Kugel Mesh Patch. A Class 1 recall is the highest level of recall available to the FDA. It is issued when the FDA believes a medical product is dangerous or defective and predictably could cause serious health problems or death.

14. On December 22, 2005 and January 13, 2006, Davol and Bard announced the recall of the Composix Kugel Mesh X-Large patch. Subsequently, in March of 2006, the Defendants announced the recall of the Composix Kugel Mesh Large Patch as well.

15. Under these FDA recalls, the following products were subject to recall:

| | | | |
|---|---|---|---|
| PC#0010206 | Bard Composix Kugel | Extra Large Oval | 83" x 10.7" |
| PC40010207 | Bard Composix Kugel | Extra Large Oval | 10.8" x 13.7" |
| PC#0010208 | Bard Composix Kugel | Extra Large Oval | 7.7" x 9.7" |
| PC#0010209 | Bard Composix Kugel | Large Oval | 6.3" x 12.3" |
| PC#0010202 | Bard Composix Kugel | Large Oval | 5.4" x 7" |
| PC#0010204 | Bard Composix Kugel | Large Circle | 4.5" |

16. The products that are affected by the recall were distributed to customers and implanted in patients worldwide. As of March 2006, roughly 75,000 Composix Kugel Mesh Patches had been sold. Upon information and belief, the vast majority of the patches which have been implanted are currently still inside patients residing in the United States.

17. At all times herein mentioned, Defendants knew, or in the exercise of reasonable care should have known, that the aforesaid products were of such a nature that they were not

properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with proper warnings, were not suitable for the purpose they were intended and were unreasonably likely to injure the products' users.

18. Defendants' Composix Kugel Mesh Patches are uniformly defective because they possess the same potential for breakage or malfunction of the memory recoil ring and, as a result, are subject to risk of resulting injury.

19. Defendants did not timely apprise the public and physicians of the defect in their Composix Kugel Mesh Patches, despite Defendant's knowledge that memory recoil rings had failed due to the described defects.

20. Defendant's conduct, as described in the preceding paragraphs, amounts to conduct purposely committed, which Defendants must have realized was dangerous, heedless and reckless, without regard to the consequences or the rights and safety of the Plaintiffs.

21. As a direct and proximate cause of Defendants' conduct and the recalled Composix Kugel Mesh Patches, Plaintiffs have suffered injuries and will require continual medical monitoring and care. Accordingly, Plaintiffs will incur future medical costs related to the recalled Composix Kugel Mesh Patches.

**SECOND CLAIM**

22. Plaintiff, Patti L. Davis, incorporates the allegations of the First Claim as if fully rewritten herein.

23. As a result of the Defendants' negligence, Plaintiff, Patti L. Davis, suffered bodily injury, causing pain and permanent damage, and she expects to incur further pain and suffering in the future.

24. Plaintiff, Patti L. Davis, has incurred medical, hospital, and other damage expenses of over Forty-two Thousand and no/100 Dollars ($42,000.00); and she expects to incur further such expenses in the future.

25. Plaintiff, Patti L. Davis, has lost earnings of over Three Thousand Six Hundred Dollars ($3,600.00); and she expects to lose further earnings. Her earning capacity has been permanently impaired.

**THIRD CLAIM**

26. Plaintiff, Jerry L. Davis, incorporates the allegations of the First Claim and the Second Claim as if fully rewritten herin.

27. Plaintiff, Jerry L. Davis, is the husband of Plaintiff, Patti L. Davis. As a result of injuries to his wife, Plaintiff, Jerry L. Davis, has lost the services and consortium of his wife in the past and will suffer further loss of services and consortium in the future. Plaintiff, Jerry L. Davis, has provided services for Plaintiff, Patti L. Davis.

**FOURTH CLAIM**

28. Plaintiffs reallege and incorporate by reference each and every allegation contained in this Complaint as though fully set forth herein.

29. At all times relevant, Defendants were engaged in the design, manufacturing, assembling, distributing, conveying and/or selling of the Composix Kugel Mesh Patch in their

ordinary course of business. Defendants designed, manufactured, assembled and sold the devices to hospitals and physicians, knowing that they would be thereby sold to patients who needed hernia repair surgery, including Plaintiffs.

30. Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, manufacture, promotion and sale of the Composix Kugel Mesh Patches.

31. Plaintiffs are consumers of the defective product and were injured by Defendants' deceptive and unfair acts.

32. Had the Defendants not engaged in the deceptive conduct described above, Plaintiffs would not have purchased and/or paid for the Composix Kugel Mesh Patches, would not have incurred related medical costs and would not continue to incur these costs.

33. Defendants' representations and material omissions to patients, physicians and consumers, including Plaintiffs, constituted unfair and deceptive acts or practices in violation of applicable State and Federal law.

34. Defendants engaged in wrongful conduct while at the same time obtaining, under false pretenses, substantial sums of money from Plaintiffs for the Composix Kugel Mesh Patches and/or for the costs of replacing the Composix Kugel Mesh Patches that they would not have paid had Defendants not engaged in unfair and deceptive conduct.

35. Plaintiffs were injured by the cumulative and indivisible nature of Defendants' conduct. The purpose of that conduct, directed at patients, physicians and consumers, was to

create demand for and sell the Composix Kugel Mesh Patches. Each aspect of Defendants' conduct combined to artificially create sales of the Composix Kugel Mesh Patches.

36. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have incurred and will likely continue to incur medical costs relating to the Composix Kugel Mesh Patch, including medical monitoring and/or other hospital costs, in an amount to be proven at trial.

37. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief in the form of a court supervised medical monitoring program, punitive damages, attorneys' fees, and costs of suit.

38. Medical monitoring is medically reasonable and necessary in order to provide for the early detection and prevention of irreparable harm, severe and debilitating injuries and death. In the absence of such relief, Plaintiffs might not receive prompt medical care that could prolong their productive lives, increase prospects for improvement and to minimize disability.

**WHEREFORE,** Plaintiffs pray for judgment against the Defendants, jointly and severally, for punitive or exemplary damages against Defendants where appropriate, in an amount sufficient to punish Defendants and deter others from similar wrongdoing; for all applicable statutory damages under the consumer protection legislation; for an award of attorneys' fees and costs; for prejudgment interest and the cosets of suit; and for such other and further relief as this Court may deem just and proper in the premises.

Joseph W. O'Neil, 0002414
Daniel R. Michel, 0066560

of **ARTHUR, O'NEIL, MERTZ, MICHEL & BROWN CO., L.P.A.**
901 Ralston Avenue
Defiance, OH 43512
Telephone: 419-782-9881
Telefax: 419-782-4377
E-mail: attorneys@lawbuilding.com
Attorneys for Plaintiffs

**JURY DEMAND**

Plaintiffs hereby demand a trial by Jury in the above entitled action.

Attorney for Plaintiffs